CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/02/2020
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALONZO CHRISTOPHER MCDONALD,<br>*Defendant.* | CASE NO. 3:09-cr-0006<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Alonzo Christopher McDonald's Motion to Reduce Sentence Pursuant to the First Step Act of 2018. Dkt. 67. Upon review of Defendant's First Step Act Motion and the parties' briefing on the motion, this Court concludes that Defendant has demonstrated entitlement to a reduction in his sentence, and therefore the Court will grant in part Defendant's First Step Act Motion.

Background

On August 3, 2009, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkt. 22, 25, 26. The accountable drug weight was 79.39 grams of cocaine base. Dkt. 67 at 1; Dkt. 35 at 4. The statutory minimum for the offense at that time was 120 months' imprisonment. Dkt. 67 at 1; Dkt. 35 at 15; 21 U.S.C. § 841(b)(1)(A).

Thereafter, the Government filed a motion for substantial assistance. Dkt. 33. The Court granted the motion and on November 13, 2009, sentenced Defendant to 48 months' imprisonment. Dkt. 36–37. On October 14, 2011, the Court reduced his sentence to 40 months' imprisonment on

1

account of the guideline changes in Amendment 750. Dkt. 41. Defendant served his sentence and was then released from the custody of the Bureau of Prisons. Dkt. 67 at 1.

On July 31, 2012, after his release from custody but still on supervised release, Defendant's probation officer petitioned this Court to revoke Defendant's term of supervised release on account of his sale of 40 grams of cocaine base in March 2012. Dkt. 42. On September 23, 2013, this Court revoked Defendant's supervised release and imposed a sentence of 46 months' imprisonment, to run consecutive to any other state or federal offense. Dkt. 62.

Defendant is currently incarcerated. The Federal Bureau of Prisons website calculates his release date will be August 29, 2020.[1]

In March 2019, Defendant filed a motion seeking a reduction in sentence pursuant to the First Step Act. Dkt. 67. In April 2019, the Government filed an opposition to Defendant's First Step Act Motion, Dkt. 78, which was followed by Defendant's reply in further support of the Motion, Dkt. 79. On December 10, 2019, after the Fourth Circuit issued published decisions addressing the First Step Act, the Government filed a notice of supplemental authority and further opposition to Defendant's First Step Act Motion. Dkt. 80. The matter is fully briefed and ripe for disposition.

Legal Framework

Section 404(b) of the First Step Act, the provision under which Defendant seeks relief, states that:

> Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

---

[1] The Court notes that Defendant's First Step Act Motion states that he has a later release date of October 25, 2020. Dkt. 56 at 2.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222. A later provision, Section 404(c), further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c), 132 Stat. at 5222. A district court's decision whether to afford relief to an eligible defendant under the First Step Act is a discretionary one. *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019).

Modifications of sentences pursuant to the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states that "[t]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See also Wirsing*, 943 F.3d at 183 ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). And, in determining a defendant's eligibility under § 3582(c)(1)(B), a court "must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *Wirsing*, 943 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(1)(B)). Even where a court has the *authority* to consider a defendant's request to modify his sentence, that does not end the inquiry. The question remains whether the defendant has shown that a reduced sentence under the First Step Act is warranted. *See United States v. Venable*, 943 F.3d 187, 194–95 (4th Cir. 2019) (distinguishing between the court's holding that a district court had authority to resentence a defendant, and whether the defendant was entitled to the exercise of such authority).

## Covered Offense

This Court will first consider whether Defendant has committed a "covered offense" within the meaning of the First Step Act.

Initially, the parties disagreed whether Defendant committed a "covered offense," since he is serving a sentence for a supervised release violation. Dkt. 67 at 2–3; Dkt. 78 at 2–3. However, the Government since acknowledged in its Notice of Supplemental Authority that the Fourth Circuit's decision in *United States v. Venable* resolves this issue in Defendant's favor.

In *Venable*, the Fourth Circuit considered whether the First Step Act authorized a reduction in the defendant's sentence when "he had completed his original term of imprisonment and was currently in custody following revocation of supervised release." 943 F.3d at 188. Guided by the "unitary sentence framework," which recognizes "custodial and supervised release terms as components of one unified sentence," the court concluded that "Venable's revocation sentence is a component of his underlying original sentence for the drug conviction." *Id*. at 193–94. Because "Venable's revocation sentence is part of the penalty for his initial offense," the court held that he was "still serving his sentence for a 'covered offense' for purposes of the First Step Act." *Id.* at 194. A district court therefore has authority to consider a motion for a sentence reduction at that later point in time, as if the defendant were still serving the original custodial sentence. *Id.*

In this case, there is no dispute that Defendant's underlying conviction is for a "covered offense" under the First Step Act. Because Defendant is serving a revocation sentence that is part of the penalty for that initial offense and drug conviction, he is still serving a sentence for a "covered offense" for purposes of the First Step Act.

Consideration of Request to Modify Defendant's Sentence

Defendant contends that a reduction of his sentence is appropriate and consistent with the purposes of the Fair Sentencing Act, *i.e.*, to "reduce[] the statutory penalties for cocaine based offenses" such as to "alleviate the sentencing disparity between crack and powder cocaine." Dkt. 67 at 3 (quoting *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016)). Defendant makes two specific arguments why he believes a reduction in sentence is appropriate.

Defendant first argues that if the current Sentencing Guidelines were in effect when he was sentenced, his advisory guideline range would have been 92–115 months (rather than 120–150 months). Dkt. 67 at 3. Defendant argues that a proportional reduction of his underlying sentence would lead to a sentence of 38 months, and, were that sentence so reduced, "his overserved time would be applied to his revocation sentence in accordance with the statute," Dkt. 67 at 4 & n.2 (citing 18 U.S.C. § 3585(b)).

This Court has found and continues to find this line of argument unpersuasive. *See, e.g.*, *United States v. Reeves*, No. 6:02-cr-70045, 2019 WL 6792778, at *4–5 (W.D. Va. Dec. 12, 2019); *United States v. Gray*, No. 3:99-cr-86, 2019 WL 6736229, at *4–5 (W.D. Va. Dec. 11, 2019). The practical import of Defendant's position is that, since he has overserved time on his original sentence by 10 months, he should receive credit for those 10 months today, which can be applied against and used to shorten his sentence this Court imposed following Defendant's violation of the terms of his supervised release. This Court recalls public policy concerns articulated by the Fourth Circuit when it expressed—albeit in different circumstances—that "the availability of credit against sentences for future crimes would provide a sense of immunity and incentive to engage in criminal conduct." *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) (rejecting argument that time served on voided convictions should remain available to any valid sentence imposed upon the defendant for future criminal conduct).

5

This Court finds that similar public policy considerations, including the need to protect the public and the need for deterrence, dictate against allowing this Defendant or indeed any other defendant to "bank" time on an original sentence and seek to use that time as a basis for reduced incarceration on a revocation sentence. Accepting Defendant's argument "would undermine the purpose of supervised release," because it would impair a court's ability to sanction defendants for violating the terms of release. *See United States v. Smith*, No. 5:05-cr-30044, 2019 WL 3557886, at *3–4 (W.D. Va. Aug. 5, 2019) (Urbanski, C.J.), *appeal filed*, No. 19-7202 (4th Cir. Aug. 19, 2019). Indeed, "[i]t has long been the court's policy … to avoid permitting criminal defendants to 'bank time' against any future supervised release violation as a result of a change in their sentence or the Sentencing Guidelines," because doing takes away the threat of punishment and thereby removes "the primary disincentive to criminal conduct." *United States v. Venable*, No. 4:97-cr-70070, 2019 WL 6337419, at *2 (W.D. Va. Nov. 26, 2019) (Kiser, J.). In addition, the rehabilitative goals of supervised release would also be undermined were this Court to allow defendants (like Defendant here) to reduce sentences following revocation of supervised release due to previously overserved time. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.").[2]

Defendant's second argument is more compelling. It proceeds in the following steps: (1) Defendant contends that if he had been sentenced under the Fair Sentencing Act, he would have been subjected to a lower statutory maximum sentence of 40 years, rather than life imprisonment;

---

[2] *See also United States v. Elliott*, No. 5:02-cr-30031, 2019 WL 5381979, at *4 (W.D. Va. Oct. 16, 2019) (Urbanski, C.J.), *appeal filed*, No. 19-7627 (4th Cir. Nov. 1, 2019) (allowing prisoners to "bank" time on overserved sentences to offset terms of incarceration following revocation of supervised release "would provide a disincentive to obey the terms of supervised release").

(2) due to this lower statutory maximum, the class of Defendant's 2009 offense would have lowered from Class A felony to a Class B felony, 18 U.S.C. § 3559; (3) with a conviction for a Class B felony, Defendant would not have been subject to the heightened sentencing guideline range under U.S.S.G. § 7B1.4 for being on supervised release as a result of a Class A felony; (4) Defendant's revised guideline range for his revocation offense without application of § 7B1.4 would be 30–37 months rather than 46–57 months; and (5) since the Court sentenced Defendant to the low end of his recommended sentencing guideline range of 46 months, Defendant argues that the Court should similarly impose sentence at the low end of the guideline range of 30 months. Dkt. 79 at 5; Dkt. 67 at 4. At bottom, Defendant argues that because under the Fair Sentencing Act, he would have only committed a Class B felony rather than a Class A felony, and he should thus receive the benefit of the equivalent imposition of a revocation sentence of the bottom of the lower guideline range applicable for a revocation sentence following his original conviction on a Class B felony.

The Government contends that Defendant "is seeking for this Court to credit him time he served before he committed the violation by breaching the court's trust," *i.e.*, that he is "asking for a free pass for conduct that occurred after he served his prison sentence." Dkt. 78 at 4. The Government argues that where, as here, Defendant served his whole original sentence and then violated the terms of his supervised release, "no reasonable sentencing objective would be served by reducing the original sentence to allow him to receive credit against his current revocation sentence of imprisonment." *Id.* However, the Government has not specifically addressed why a reduction in sentence is or is not warranted due to the reclassification of Defendant's original offense of conviction from a Class A to a Class B felony, and resulting recalculation of Defendant's sentencing guideline range applicable to his revocation sentence. *Id.*

The Court finds merit to Defendant's argument in this regard. The parties' briefing focused on the issue whether Defendant is entitled to the benefit a lower sentence due to a *lower sentencing guideline* range for revocation violations based upon an original conviction for a Class B felony. Dkt. 79 at 5; Dkt. 67 at 4. But the Court considers even more significant the fact that the *statutory maximum* for a revocation sentence is 36 months, following an original conviction for a Class B felony. *See Venable*, 943 F.3d at 189, 193; 18 U.S.C. § 3583(e)(3).

The Court finds instructive the recent decision in *United States v. Walker*, No. 3:04-cr-146, 2020 WL 882175 (S.D. W.Va. Feb. 21, 2020). In *Walker*, as here, the defendant was originally convicted of a Class A felony, which exposed him to a sentencing guideline range of forty-six to fifty-seven months' imprisonment upon revocation of supervised release. *Id.* at *3. Yet, the court in *Walker* noted that "Defendant defaults to a Class B felony after enactment of the First Step Act, exposing him only to thirty to thirty-seven months' imprisonment for a Grade A violation," which was "effectively a thirty to thirty-six-month guideline range as 18 U.S.C. § 3583(e)(3) acts as a statutory ceiling on Defendant's term of imprisonment upon revocation." *Id.* And again, in *Walker*, as here, the Government contended that the Court should not exercise its discretion pursuant to the First Step Act to reduce the sentence, given the fact that the defendant committed new crimes, and that the motion was made following revocation of supervised release. *Id.*; *see also* Dkt. 78 at 3–4.

The court in *Walker* nonetheless concluded that a reduction in the defendant's revocation sentence was warranted. 2020 WL 882175, at *3–4. The court reduced the defendant's term of imprisonment on the revocation sentence to the high end of the guideline range and at the statutory maximum of 36 months' imprisonment, but not less than time served. *Id.*

Indeed, here the Government has noted that a revocation sentence is imposed, "the court should sanction primarily the defendant's breach of trust." Dkt. 78 at 4 (citing U.S.S.G. ch. 7, pt. A, introductory cmt. n.3(b)). But now the same violation, following an original conviction for a

8

Class B felony, is punishable for a defendant's breach of trust by a maximum term of imprisonment of 36 months. The Court finds persuasive and applicable the *Walker* decision, and similarly concludes that a reduction in Defendant's revocation sentence is warranted here. *See Walker*, 2020 WL 882175, at *3–4; *see also United States v. Bailey*, No. 7:08-cr-8, 2019 WL 6534157, at *2 (W.D. Va. Dec. 4, 2019) (reducing defendant's revocation sentence to 24 months' imprisonment, the statutory maximum for a revocation sentence following an original conviction for a Class C felony, when defendant's original conviction was reclassified from a Class B to a Class C felony pursuant to the Fair Sentencing Act and the First Step Act).

Based on the Court's review of the record, and weighing the relevant § 3553(a) factors here, the Court concludes that Defendant has shown entitlement to a reduction of his sentence. The Court would not reduce Defendant's revocation sentence to any less than 36 months—considering that Defendant received the benefit of several reductions of sentence on his original sentence and still, following his release, continued to deal crack cocaine. But considering that now the same supervised release violation following a conviction for a Class B felony is punishable by a maximum term of 36 months' imprisonment, the Court will reduce Defendant's revocation sentence to 36 months' imprisonment, but not less than time served.

## Conclusion

For the foregoing reasons, this Court will, in an accompanying Order to follow, grant in part Defendant's First Step Act Motion (Dkt. 67), as the Court will reduce Defendant's sentence to 36 months' imprisonment, but not less than time served. To the extent that Defendant seeks a further reduction in sentence, the Court will deny in part Defendant's First Step Act Motion.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to Defendant and to counsel of record.

Entered: This __3rd__ day of March, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE